**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-744-MOC-DSC**

| | |
|---|---|
| **RICHARD VARONE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | **AND ORDER** |
| **MERCEDES BENZ OF SOUTH** ) | |
| **CHARLOTTE, et. al.,** ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

**THIS MATTER** is before the Court on Defendants' "Motion[s] to Dismiss" (documents ## 4, 8 and 11) and "Memorand[a] in Support…." (documents ##5, 9 and 12).

On November 22, 2016, the Court entered an "Order" "[i]n accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975) … advis[ing] Plaintiff, who is proceeding <u>pro se</u>, that he has a right to respond to Defendants' Motions. The Court also advise[d] Plaintiff that failure to respond may result in Defendants being granted the relief they seek, that is, the **DISMISSAL OF THE COMPLAINT WITH PREJUDICE**." Document #15 (emphasis in original).

The Court "allow[ed] until December 23, 2016 [for Plaintiff] to respond to Defendants' '…Motion[s] to Dismiss with Prejudice' …" with three days for mailing. <u>Id.</u> That same day, the Clerk's office mailed a copy of the Order to Plaintiff.

On December 21, 2016, Plaintiff filed a "Motion for Extension of Time [to Respond to Motions to Dismiss]" (document #16).

On December 22, 2016, the Court granted in part Plaintiff's Motion, allowing Plaintiff until January 10, 2017 with three days for mailing to respond to the Motions to Dismiss. "Order" (document #17). The Court repeated its earlier Roseboro warning. Id.

On January 9, 2017, Plaintiff filed a Motion for Appointment of Counsel. Document #18.

That same day, the Court denied Plaintiff's Motion. "Order" (document #19).

Plaintiff has not responded to the Motions to Dismiss.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motions are ripe for determination.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motions to Dismiss be granted, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Accepting the allegations of the Complaint as true, on December 3, 2015, the pro se Plaintiff took his automobile to Defendant Mercedes Benz of South Charlotte for service related to the engine valves. Defendant Aundre Newman provided an estimate of $850, noting "customer states adjust valves." Plaintiff alleges that the mechanic who performed the work determined that the valves did not need adjustment. Plaintiff also alleges that he was overcharged for the work.

On December 18, 2015, Plaintiff filed a Complaint in Mecklenburg County Superior Court against the Defendants. Plaintiff alleged claims under North Carolina statutory and common law. Defendant Newman's motion for summary judgment was granted in the state court action. Otherwise, the state action remains pending.

On October 27, 2016, Plaintiff filed an identical Complaint in the United States District

Court for the Western District of North Carolina.

On November 21, 2016, Defendants filed their respective Motions to Dismiss. Defendants argue that there is no basis for federal subject matter jurisdiction. Defendants' Motions are ripe for disposition.

## II. DISCUSSION OF CLAIMS

The existence of federal subject matter jurisdiction is a threshold issue. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir.1999). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000)(citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Subject matter jurisdiction is so limited that federal "[c]ourts have an independent obligation to determine whether subject matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) (internal citations omitted). "No party can waive the defect, or consent to [subject matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). A challenge to a court's subject matter jurisdiction may be raised at any time and is properly considered on a motion under Federal Rule of Civil Procedure 12(b)(1). See Fed.R.Civ.P. 12(b)(1) and 12(h). The burden of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion rests with the plaintiff, the party asserting jurisdiction. See Williams v. United States, 50 F.3d 299, 304 (4th Cir.1995).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's

inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Federal jurisdiction arises from (1) a federal question or (2) diversity of the parties. "Article III of the Constitution gives the federal courts power to hear cases 'arising under' federal statutes." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 807 (1986). "The general-diversity statute, § 1332(a), authorizes federal court jurisdiction over cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 62 (1996). In addition, for federal diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337 (1895)). Accordingly, a federal court is required, sua sponte, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." In re Bulldog Trucking, 147 F.3d 347, 352 (4th Cir. 1998); see also Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff's Complaint fails to establish federal subject matter jurisdiction on either federal question or diversity grounds. Plaintiff does not assert a cause of action arising under any federal question or law. Rather, Plaintiff states that his claim for "disparate treatment/disparate impact"

arises under the North Carolina Persons with Disabilities Act, N.C. Gen. Stat. § 108A-100, et. seq.. Plaintiff cites the North Carolina Commercial Code in his fraud in the inducement claim. His Complaint also makes reference to fraudulent conveyance (N.C. Gen. Stat. § 39.23.4), unjust enrichment, and Exploitation of Elder Adults (N.C. Gen. Stat. § 14-112.2). All of these claims arise under state law.

Nor is diversity jurisdiction proper. There is no evidence nor any allegations that the parties are citizens of different states. Rather, Plaintiff and Defendant Mercedes Benz of South Charlotte are both North Carolina citizens. Finally, the $75,000 amount in controversy requirement has not been met.

For those reasons, the undersigned respectfully recommends that Defendants' Motions to Dismiss be granted.

### III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendants "Motion[s] to Dismiss" (documents ## 4, 8 and 11) be **GRANTED**.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file

objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff, counsel for Defendants, and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: January 19, 2017

David S. Cayer
United States Magistrate Judge